SAN MATEO COUNTY TRANSIT DISTRICT, Plaintiff–Appellant,

v.

DEARMAN, FITZGERALD AND ROBERTS, INC.; Larry D. Harrison; Larry Williams; Eric L. Witherow, et al.; Vincent R. Kemendo, Defendants–Appellees.

No. 91–16336.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 1992 *.

Decided Nov. 18, 1992.

William J. Bush and Michael N. Conneran, Hanson, Bridgett, Marcus, Vlahos &

---

* The panel unanimously finds this case suitable for submission without oral argument. Fed. R.App.P. 34(a); 9th Cir.R. 34–4.

Rudy, San Francisco, Cal., for plaintiff-appellant San Mateo County Transit Dist.

Eugene P. de Verges, Tulsa, Okl., for defendant-appellee Vincent R. Kemendo.

Before: CHOY, NOONAN, and O'SCANNLAIN, Circuit Judges.

NOONAN, Circuit Judge:

This case involves principally the narrow question of whether the district court has personal jurisdiction over Vincent R. Kemendo in a suit brought by San Mateo County Transit District (SamTrans) under the Securities Exchange Act of 1934, 15 U.S.C. § 78a et seq. The district court held that it lacked personal jurisdiction of Kemendo and entered a Rule 54(b) judgment dismissing the action against him. We reverse and remand for trial.

## PROCEEDINGS

SamTrans brought an action for securities fraud against the brokage firm of Fitzgerald, DeArman and Roberts, Inc. (FDR) and Kemendo, its Treasurer and Vice President for Administration and Budget. Kemendo moved to dismiss for lack of personal jurisdiction. SamTrans produced as evidence of Kemendo's involvement in the fraud a letter dated February 29, 1988 from Eugene P. de Verges, general counsel of FDR, to the National Association of Securities Dealers responding to the latter's inquiry about the transactions that are the object of this suit. The letter stated: "The price of these trades was approved by Mr. Vincent R. Kemendo, a Vice President of FDR." The deposition SamTrans took of Eric Witherow, the salesman involved, stated that at the time of the first trade he had a telephone conversation with the president of FDR and "one of the other two gentlemen, Mr. de Verges or Mr. Kemendo, I don't remember which." SamTrans also noted that, although the trade was in corporate bonds, FDR had no corporate bond department and that the head of its only bond unit, dealing in municipal bonds, was Kemendo.

On this evidence the district court found that Kemendo was not a "controlling person" within the meaning of section 20(a) of the Securities Act, 15 U.S.C. § 78t(a). The statute provides:

Every person who, directly or indirectly, controls any person liable under any provision of this chapter or of any rule or regulation thereunder shall also be liable jointly and severally with and to the same extent as such controlled person ... is liable, unless the controlling person acted in good faith and did not directly or indirectly induce the act or acts constituting the violation or cause of action.

The district court went on to say that the Ninth Circuit had held a "controlling person" to be liable for securities fraud only if he " 'had actual power or influence over the alleged controlled person, and ... was a culpable participant in the alleged illegal activity.' " D.Ct.Order at 2 (Dec. 26, 1989) (quoting *Orloff v. Allman*, 819 F.2d 904, 906 (9th Cir.1987)). The district court then stated: "In other words, in order to hold these defendants liable, plaintiff must demonstrate that they in some sense approved or directed Witherow's actions." *Id.* Finding that such a demonstration had not been made, the district court dismissed the action against Kemendo and awarded him attorney fees as a sanction against SamTrans. SamTrans appeals.

## ANALYSIS

The governing statute is 15 U.S.C. § 78aa. In relevant part it provides:

Any suit or action to enforce any liability or duty created by this chapter or rules and regulations thereunder, or to enjoin any violation of such chapter or rules and regulations, may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found.

■ The statute does not require that a plaintiff demonstrate that a defendant is liable in order to obtain jurisdiction of him under this statute. That would be to put the cart before the horse. If the suit is to enforce a liability created by the Securities Act, the court has jurisdiction of the defendant wherever he may be found.

■ Of course it is possible to think of a hypothetical case so frivolous that the court should anticipate the result of trial and find that no jurisdiction exists. This case is not in that category. The plaintiff made a colorable showing that Kemendo might be liable.

■ The district court also had the disadvantage of deciding the case on the basis of *Orloff,* Ninth Circuit authority which was then made obsolete by our en banc decision in *Hollinger v. Titan Corp.,* 914 F.2d 1564 (9th Cir.1990). We there repudiated the rule of *Orloff* and held that a plaintiff was *not* required to show culpable participation to establish that a defendant was a controlling person and that once the plaintiff showed the defendant was a controlling person the defendant had the burden of proof to show his good faith. *Id.* at 1575. The standard for liability, thus, is lower than the district court thought. Even lower is the standard for personal jurisdiction, which exists if the plaintiff makes a non-frivolous allegation that the defendant controlled a person liable for the fraud.

A corollary of our holding is that the award of attorney fees must be vacated.

REVERSED and REMANDED for trial.